IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY KERR, | : | |
|     Plaintiff, | : | |
| v. | : | CIV. NO. 10-1084 |
| | : | |
| CHRISTIAN CARE HEALTH SYSTEM, | : | |
|     Defendant. | : | |

**Diamond, J.**                                                                                                                                      **March 19, 2010**

## MEMORANDUM

Plaintiff Stacy Kerr brings this *pro se* Title VII action against her former employer, Christian Care Health System. Plaintiff, an African American, alleges that Defendant acted unlawfully when it fired her because she raised complaints of race discrimination. *(Doc. No. 3.)*

Plaintiff earlier moved to proceed *in forma pauperis*. *(Doc. No. 1.)* Finding that Plaintiff lacks the means to pay the prescribed fees, I granted Plaintiff's Motion and ordered the Clerk of Court to file her Complaint. *(Doc. No. 2.)* See 28 U.S.C. § 1915(a). Plaintiff now asks me to appoint counsel to represent her. *(Doc. No. 4.)* For the reasons that follow, I will grant Plaintiff's request.

**I.    Legal Standards**

A district court "may request an attorney to represent any person unable to afford counsel [in any criminal or civil matter]." 28 U.S.C. § 1915(e)(1). Although the Circuits agree that appointment of counsel under § 1915 is discretionary, the First, Fourth, Fifth, Sixth, Ninth, and Eleventh Circuits have held that in civil litigation, appointment is appropriate only when

1

"exceptional circumstances" are presented. See, e.g., Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (court may appoint counsel to represent civil litigant "only in exceptional circumstances") (citation omitted); Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) ("Appointment of counsel in a civil case . . . is a privilege that is justified only by exceptional circumstances.") (internal quotations and citations omitted); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) ("The court may appoint counsel under [§ 1915] only under 'exceptional circumstances.'"); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("An indigent [civil] litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel."); Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) ("A district court is not required to appoint counsel unless the case presents 'exceptional circumstances.'") (citation omitted); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975) ("[I]n civil actions the appointment of counsel should be allowed only in exceptional cases . . . .") (citation omitted).

The Third Circuit has rejected this construction of § 1915, however, holding that "nothing in [the] clear language [of § 1915] suggests that an appointment is permissible only in some limited set of circumstances. Nor have we found any indication in the legislative history of the provision to support such a limitation." Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (rejecting the "exceptional circumstances" rationale).

Moreover, Title VII itself explicitly provides that a court "*may* appoint an attorney for [a] complainant and may authorize the commencement of the action without the payment of fees,

costs, or security . . . [u]pon application by the complainant *and in such circumstances as the court may deem just . . . .*" 42 U.S.C. § 2000e-5(f)(1) (emphasis added). Accordingly, whether to grant Plaintiff's request for appointment of counsel in this Title VII action is committed to my discretion.

In making my decision, I must first determine whether Plaintiff's claim "ha[s] some merit in fact and law." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). If her claim appears meritorious, I must then consider: (1) Plaintiff's ability to present her own case; (2) the complexity of the legal issues; (3) whether factual investigation will be necessary and Plaintiff's ability to conduct such an investigation; (4) whether the case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether Plaintiff can afford or otherwise obtain *pro bono* counsel without the Court's assistance. Tabron, 6 F.3d 147 at 155-56, 157 n.5; see also Parham, 126 F.3d at 458 ("This list of factors is not exhaustive, but instead should serve as a guidepost for the district courts."); Dougan v. Aspin, 1994 U.S. Dist. LEXIS 17041, at *4 (E.D. Pa. Dec. 1, 1994) (although Tabron involved a § 1915 request for counsel, the Tabron factors apply with equal force to Title VII requests for counsel).

**II.   Discussion**

Although Plaintiff's factual allegations comprise no more than a single paragraph, they make out a legally viable claim. She alleges that Defendant hired her in September 2004 as an Emergency Department Unit Clerk. In February 2008, Plaintiff complained to a supervisor that

Defendant was favoring white job applicants over minorities. After Defendant replaced three black employees with white hires, Plaintiff again complained that Defendant was discriminating against African Americans. In July 2008, Defendant fired Plaintiff, allegedly in retaliation for these race discrimination complaints. *(Doc. No. 3.)*

Because these facts, if true, would make out a *prima facie* case of unlawful retaliation, Plaintiff's claim appears to "have some merit in fact and law." See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000) (*prima facie* case of retaliation requires a showing that the plaintiff engaged in a protected employee activity, that the employer took an adverse employment action after or contemporaneous with the protected activity, and that a causal link exists between the first two elements); Welch v. Summers, 2003 U.S. Dist. LEXIS 1292, at *7 (E.D. Pa. Jan. 7, 2003) (in determining whether plaintiff's claims have "some merit in fact and law," the court must draw "all reasonable inferences . . . in favor of the plaintiff"); see also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992) ("The appointment of counsel should be given serious consideration . . . if the [indigent] plaintiff has not alleged a frivolous or malicious claim and the pleadings state a *prima facie* case.") (internal citations and quotation marks omitted).

Although I am unable to determine at this early stage whether Plaintiff's claim will turn on credibility determinations or expert testimony, the remaining Tabron factors weigh in favor of granting her request. First, "[t]he numerous requirements for proving a Title VII violation, the sheer breadth of employment discrimination case-law, and the shifting burden of proof that complicates this case-law, establish the substantive complexity of [Plaintiff's] claim[]." Welch,

4

2003 U.S. Dist. LEXIS 1292, at *10. Indeed, Plaintiff likely "will not be able to adequately present [her] case without the help of outside counsel" because "pre-trial and trial aspects of a Title VII claim routinely involve complex legal issues, such as the formation of a particular legal strategy, the taking of depositions, and the mastery of substantive doctrine." Id. at *9; see also Gonzalez v. Passaic County Prob., 2005 U.S. Dist. LEXIS 18890, at *16-17 (D.N.J. Aug. 24, 2005) ("While the Plaintiff is literate, there is no evidence that she is capable of handling the complexities of a Title VII suit. This Court does not have any evidence of Plaintiff's ability to maneuver through the procedural rules and requirements.").

Nor does it appear that Plaintiff has the ability to investigate the factual basis of her claim, as Title VII cases routinely involve "an overwhelming amount of necessary factual discovery." Id. at *20; see also Welch, 2003 U.S. Dist. LEXIS 1292, at *11 ("To obtain the factual information necessary to prove his [Title VII] claims, [the plaintiff] must avail himself of the discovery mechanisms, which, in turn, require familiarity with the Federal Rules of Civil Procedure.").

Finally, Plaintiff's Application to Proceed *In Forma Pauperis (Doc. No. 1)* confirms her limited financial means. Moreover, in asking me to appoint counsel, Plaintiff has described her diligent efforts to secure *pro bono* representation (including repeated requests to private lawyers and legal aid organizations). *(Doc. No. 4 at 1.)* See Lavin v. Bezozo, 2005 U.S. Dist. LEXIS 26061, at *4 (D.N.J. Oct. 28, 2005) (granting Title VII plaintiff's request for appointment of counsel in part because plaintiff "repeatedly attempted to secure the services of an attorney, but

the cost was prohibitive"). Plainly, unless I appoint counsel, Plaintiff will be compelled to represent herself.

III. Conclusion

Because Plaintiff's allegations appear to have factual and legal merit, and because at least four of the six Tabron factors have been satisfied, I will grant Plaintiff's request for appointment of counsel. See Parham, 126 F.3d at 461 ("[W]here a plaintiff's case appears to have merit and most of the aforementioned [Tabron] factors have been met, courts should make every attempt to obtain counsel.").

An appropriate Order follows.

                                        **BY THE COURT.**

                                        */s/ Paul S. Diamond*

                                        _____

                                        **Paul S. Diamond, J.**